UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-61068-CIV-MARRA/JOHNSON

CARLISLE WILSON,

    Plaintiff,

vs.

BROWARD COUNTY, a political
subdivision of the State of Florida,

    Defendant.

## ORDER AND OPINION

This cause is before the Court upon Defendant's Motion for Partial Summary Judgment on Counts I and II of Plaintiff's first amended complaint. (DE 173) The matter has been fully briefed and is now ripe for review. The Court has considered the motion, the entire record, and is otherwise fully advised in the premises.

**I.    Background**

Pursuant to Plaintiff's Amended Complaint, Plaintiff Carlisle Wilson seeks compensatory, declaratory, and injunctive relief for alleged violations of the Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 (Count I), and Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794(a) (Count II). Plaintiff's claims are premised on the alleged actions of Joe Spicer, a Broward County bus driver, who allegedly failed to properly secure Mr. Wilson's wheelchair to the floor of the Broward County bus. The Court held a trial in December of 2006 and the jury returned a verdict which was filed on

January 19, 2007 (DE 263.)

Defendant filed its Motion for Partial Summary Judgment prior to the trial on the merits, seeking relief only on Plaintiff's claims for declaratory judgment and a permanent injunction. Defendant first argues that a Settlement Agreement in *Advocating Disability Rights and Carlisle Wilson v. Broward County* case no. 03-61239-CIV-MARRA (DE 172) ("Water Taxi Case") precludes injunctive relief in this case because the Settlement Agreement released the County of any and all liability for claims asserted in this lawsuit. Alternatively, Defendant argues Plaintiff cannot show a threat of immediate and irreperable harm because the Settlement Agreement remedies any future injury.

Plaintiff responds, arguing that the Settlement Agreement did not relieve Broward from liability for Plaintiff's claims for injunctive relief in this case. Plaintiff also argues that the Settlement Agreement does not remedy any future injury so as to allow Broward to escape liability in this case.

## II.     Legal Standard

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the non-moving party bears the burden of proof on an issue, the moving party may discharge its

burden by showing that the materials on file demonstrate that the party bearing the burden of proof at trial will not be able to meet its burden. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a moving party has discharged its burden, the nonmoving party must "go beyond the pleadings," and, by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial. *Celotex,* 477 U.S. at 324. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the party opposing the motion. *Witter v. Delta Air Lines, Inc.,* 138 F.3d 1366, 1369 (11th Cir. 1998) (citations and quotations omitted). The Court must "avoid weighing conflicting evidence or making credibility determinations." *Hilburn v. Murata Electronics N. Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). Rather, the determination is whether there are any genuine issues of fact which should properly be resolved by the fact finder because they can be resolved in favor of either party. *Anderson*, 477 U.S. at 250.

### III. Discussion

Paragraph 22 of the Settlement Agreement states:

> **22. Release of Claims - This Case.** The Parties to this Agreement shall file a stipulation for dismissal with prejudice along with the joint motion referenced above. Notwithstanding, Plaintiffs hereby release COUNTY and WATER TAXI from any and all claims **that were asserted in the above-captioned action,** *provided that* this release shall in no way limit the Court's ability to enforce Defendants' compliance with the terms of this Agreement.

(Settlement Agreement, DE 172, p. 18.)(emphasis added.) Nothing in the Settlement Agreement leads the Court to conclude, as a matter of law, that Plaintiff has released Defendant from liability for claims asserted in *this* lawsuit. On its face, the release only applies to claims asserted in case no. 04-61068 CIV-MARRA. Defendant has failed to produce sufficient evidence to persuade the Court, as a matter of law, otherwise. Further, at the time the Settlement Agreement was entered into in the water taxi case, March 3, 2006, both cases were before this Court and counsel for Defendant in the water taxi case represented to the Court that the Settlement Agreement would in no way affect the instant case.

Further, Defendant's argument that there is no threat of irreperable harm is premature. Defendant filed its motion before trial commenced. Following trial, the Court now has a full factual record from which it can make a ruling, on the merits, on Plaintiff's claim for injunctive relief.

Consistent with the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Partial Summary Judgment on Counts I and II of Plaintiff's First Amended Complaint **(DE 173)** is **DENIED WITHOUT PREJUDICE**. The Court will

4

schedule a hearing for Plaintiff's claims for injunctive relief.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of September, 2007.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record