UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 04-61068-CIV-MARRA/JOHNSON

CARLISLE WILSON,

    Plaintiff,

v.

BROWARD COUNTY, FLORIDA,
a political subdivision of the
State of Florida,

    Defendant.
_____/

**OPINION AND ORDER DENYING INJUNCTIVE RELIEF**

THIS CAUSE is before the Court on Plaintiff Carlisle Wilson's prayer for injunctive relief in his First Amended Complaint (DE 55). On February 25, 2008, the Court held an evidentiary hearing on these claims. The Court has carefully considered the matter and is otherwise fully advised in the premises.

*I. BACKGROUND*

Pursuant to Plaintiff's Amended Complaint (DE 55), Plaintiff Carlisle Wilson ("Plaintiff") sought compensatory, declaratory, and injunctive relief from Defendant Broward County, Florida, ("Defendant") for alleged violations of the Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 (Count I), and Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794(a) (Count II). Plaintiff's claims were premised on the alleged actions of Joe Spicer, a Broward County bus driver, who allegedly failed to properly secure Mr. Wilson's wheelchair to the floor of the Broward County bus.

1

At trial for damages, Broward County moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) at the conclusion of Plaintiff's case-in-chief and again at the close of all the evidence. The Court reserved ruling and submitted the case to the jury. On January 3, 2007, the jury found that Defendant's bus driver failed to assist Plaintiff with the securement system but such failure was not the result of deliberate indifference. (DE 263, Jury Questions 2 & 3.) The jury also found that Broward County failed train its bus drivers to proficiency and that this failure was the result of deliberate indifference. (DE 263, Jury Questions 4 & 5.) The jury concluded that this failure caused past damages sustained by Plaintiff for hospitalization, medical, and nursing care and treatment, in the amount of $34,132.00. (DE 263, Jury Question 11.) The jury found for Defendant on all other issues.

Subsequently, pursuant to Fed. R. Civ. P. 50(a), the Court granted Defendant's motion for judgment as a matter of law. (DE 307.) The Court held that, as a matter of law, Plaintiff had not "presented a legally sufficient evidentiary basis for a reasonable jury to find that Defendant failed to train its drivers to proficiency" or that "any failure to train to proficiency was the result of deliberate indifference." (*Id.* 21.) Accordingly, the Court vacated the jury's award of damages.

A decision on Plaintiff's request for a permanent injunction against Defendant was reserved until after trial. (DE 308.) The Court now considers that request for relief. Specifically, Plaintiff seeks a "permanent injunction requiring that [Defendant] immediately cease discriminating against Plaintiff solely on the basis of his disability by way of the wrongful policies and procedures" and mandating that Defendant remove all violations of the ADA and the Rehabilitation Act. (DE 55 ¶¶ 50, 57.)

## II. DISCUSSION

### A. Legal Standard

Injunctive relief is available under the ADA and the Rehabilitation Act insofar as it mandates "reasonable accommodations" are provided for the injured plaintiff. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 291 (2d Cir. 2003) (holding that "injunctive relief to remedy a violation of the ADA or Rehabilitation Act is appropriate if it provides the injured plaintiff with 'meaningful access' to the programs or services to which the plaintiff is facially entitled); *Dufresne v. Veneman*, 114 F.3d 952, 954 (9th Cir. 1997) (explaining that "injunctive relief under the ADA is limited to 'reasonable accommodations'"). To issue a permanent injunction under the ADA or the Rehabilitation Act, the Court must apply the same factors as it would in any other case in which a plaintiff sought a permanent injunction. *Cf. Bercovitch v. Baldwin School, Inc.*, 133 F.3d 141, 151 (1st Cir. 1998) ("A trial court's decision to issue a preliminary injunction in an ADA case, as in all cases, must be based on four factors . . . .").

In *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006), the Supreme Court explained the "well-established" equitable rule that a plaintiff must satisfy four factors before a court may issue a permanent injunction. The Court held, in pertinent part, as follows:

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion.

*Id*. at 391 (internal citations omitted). This standard is essentially the same as the standard for a

preliminary injunction, "except that the movant must establish actual success on the merits, as opposed to a likelihood of success." *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1268 (11th Cir. 2006); *see also Amoco Production Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987). An injunction, whether permanent or preliminary, is "an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974).[1]

### B. Application of the Law to the Facts

As a result of the jury's finding and this Court's ruling in favor of Defendant on its motion for judgment as a matter of law, the only remaining factual finding in favor of Plaintiff is that Defendant's bus driver, Joe Spicer, failed to assist Plaintiff in securing his wheelchair on the day in question. That finding alone, however, is insufficient to demonstrate that Defendant violated either the ADA or the Rehabilitation Act. Thus, in the present posture of this case, Plaintiff has failed to succeed on the merits, a necessary prerequisite for awarding permanent injunctive relief.

Even assuming Plaintiff could be construed as having succeeded, in part, on the merits, the limited finding in his favor would not entitle him to injunctive relief. Plaintiff has not demonstrated irreparable injury, nor has he established that monetary damages would not be adequate to compensate him for the injury resulting from the bus driver's failure to secure his wheelchair. Furthermore, in balancing the hardships between the parties, the issuance of a permanent injunction against a governmental body attempting to operate a major transportation

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

system would be unduly harsh and burdensome in view of the deficient performance of a single bus driver. Moreover, the public interest would not be served by imposing permanent injunctive relief against a public entity because of the acts of one driver on one day. Lastly, at the evidentiary hearing on Plaintiff's request for injunctive relief, the Court gave Plaintiff the opportunity to articulate the relief he sought and the legal basis for awarding it. Plaintiff has failed to do so.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's demand for injunctive relief in the First Amended Complaint (DE 55) is **DENIED**. Final judgment in favor of Defendant will be entered by separate order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of March, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record